UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
D.J. DONNELLY,

                Plaintiff,                                  **TRANSFER ORDER**
                                                                    18-CV-2452 ( WFK)

   v.

JEFFREY TINSLEY and MY LIFE.COM INC.,

                Defendants.
------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff DJ Donnelly, a citizen of Seneca, South Carolina, brings this *pro se* diversity action alleging that Defendants Jeffrey Tinsley and My Life.Com, Inc., citizens of Los Angeles, California, defamed him on the internet. For the following reasons, this action is transferred to the United States District Court for the Central District of California, the Western Division.

## DISCUSSION

Plaintiff alleges that he conducted an internet search of his name and found false information about himself online. Plaintiff avers that the information he found alleges that he is a criminal and sexual offender. Compl at 5, ECF No. 2. Plaintiff contacted Defendants in order to request that they remove the inaccurate information, and his request was denied. *Id.* Plaintiff seeks $200,000.00 in damages. *Id.* at 6. By order dated April 19, 2018, the United States District Court for the Southern District of New York transferred the action to this Court. ECF No. 4. However, other than asserting that Plaintiff was born and raised in Staten Island, the allegations in the complaint appear to have no connection to the Eastern District of New York. Compl. at 5. Further, the Defendants are alleged to be citizens of Los Angeles, California. *Id.* at 3-4. Thus, venue does not appear to be proper in this District.

Under 28 U.S.C. § 1391, a civil rights action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Accordingly, without ruling on the merits of Plaintiff's claims,[2] the Court determines that transfer of the action is appropriate.

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Central District of California, the Western Division. *See* 28 U.S.C. §§ 1391(b); 1404(a). That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven day delay is waived.

**SO ORDERED.**

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2018
Brooklyn, New York

---

[2] Plaintiff alleges that his constitutional or statutory rights pursuant to 18 U.S.C. §§ 1341, 1028 and 28 U.S.C. § 4101 have been violated. A plaintiff cannot bring a civil action to enforce criminal statutes. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action); *Lodrini v. Sebelius*, No. 14-CV-3137, 2014 WL 2446073, at *4 (E.D.N.Y. May 29, 2014) (Feuerstein, J.) (same). Moreover, although Plaintiff cites to 28 U.S.C. § 4101 as the basis for his defamation charge, that section of the United States Code merely defines defamation for the purposes of a subsequent section governing recognition of foreign defamation judgments and does not provide a cause of action. *See* 28 U.S.C. §§ 4101, 4102. In addition, defamation by itself is a state law tort and not a constitutional deprivation. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991).